# United States Court of Appeals
# for the Fifth Circuit

―――――――――

No. 23-10251
Summary Calendar

―――――――――

United States Court of Appeals
Fifth Circuit

**FILED**
October 2, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Vidal Orellana-Sibrian,

*Defendant—Appellant*.

―――――――――――――――――――――――

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:21-CR-408-1

―――――――――――――――――――――――

Before Jones, Southwick, and Ho, *Circuit Judges*.

Per Curiam:[*]

Vidal Orellana-Sibrian appeals his sentence for illegal reentry into the United States after being removed, in violation of 8 U.S.C. § 1326(a) and (b)(1). He argues that because the indictment did not allege, and he did not admit as part of his guilty plea, that he sustained a qualifying conviction prior to his removal, the district court erred by imposing a sentence that exceeded

―――――――――――――――――

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

the otherwise-applicable statutory maximum established by § 1326(a). However, he correctly concedes that this argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), and he raises this issue merely to preserve it for further review. *See United States v. Pervis*, 937 F.3d 546, 553-54 (5th Cir. 2019). The Government has moved, without opposition, for summary affirmance, or in the alternative, for an extension of time to file a brief on the merits.

Because summary affirmance is appropriate, *see Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969), the Government's motion for summary affirmance is GRANTED, the Government's alternative motion for an extension of time to file a brief is DENIED, and the district court's judgment is AFFIRMED.